IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| REGINALD EARL KNIGHT, #170 132, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15-CV-361-MHT |
| | ) | [WO] |
| OFFICER TAGGERT, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint filed by Plaintiff, an indigent state inmate incarcerated at the Easterling Correctional Facility.  Plaintiff alleges that on January 7, 2015, while incarcerated at the Montgomery County Detention Center in Montgomery, Alabama, Defendant Taggart subjected him to a racial slur and tripped him causing him to hurt his knee. After that incident, Plaintiff alleges Defendant Taggart continued to subject him to verbal harassment by calling him names. *Doc. No. 1* at 2-3. Plaintiff seeks damages and requests that Defendant Taggart be removed from his job. Upon review, the court concludes this case is due to be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B).

### II. DISCUSSION

To state a viable claim for relief in a 42 U.S.C. § 1983 action, the conduct complained of must have deprived Plaintiff of rights, privileges or immunities secured by the Constitution.  *Am. Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. Univ. Health Serv., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).  Derogatory, demeaning, profane, threatening or abusive comments made by an officer to an inmate, no matter how repugnant or

unprofessional, do not rise to the level of a constitutional violation.  *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (mere verbal taunts, despite their distressing nature, directed at inmate by jailers do not violate inmate's constitutional rights); *Ayala v. Terhune*, 195 F. App'x 87, 92 (3d Cir. 2006) ("[A]llegations of verbal abuse, no matter how deplorable, do not present actionable claims under § 1983."); *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) ("[A]cts . . . resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment."); *Sims v. Hickok*, 185 F.3d 875 (10th Cir. 1999) (district court's summary dismissal of inmate's complaint for failure to state a claim appropriate because officer's insults and racial slurs did not amount to a constitutional violation); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987) (verbal abuse alone is not violative of the Eighth Amendment); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (mere name-calling did not violate inmate's constitutional rights); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (verbal abuse, including threat of harm, not actionable under § 1983); *Aziz Zarif Shabazz v. Pico*, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) (finding no constitutional violation by even the most reprehensible verbal harassment or profanity). Because this claim lacks an arguable basis in law, it is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).  *See Neitzke v. Williams*, 490 U.S. 319 (1989).

  To the extent Plaintiff seeks to assert an Eighth Amendment excessive force claim regarding his contention that Defendant Taggart tripped him, the claim is without merit. Plaintiff's complaint fails to allege in any manner that Defendant Taggart's action was done violently or that he suffered any more than *de minimis* injury.  Although the lack of serious injury does not preclude an Eighth Amendment claim, the extent of injury suffered is one factor to be considered in determining whether the use of force was wanton and unnecessary. *Hudson v.*

*McMillian*, 503 U.S.1 (1992); *see also Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) ("An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim.") (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973). Consequently, *de minimis* uses of physical force do not implicate the Eighth Amendment's prohibition against cruel and unusual punishment.

> "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights. The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided the use of that force is not of a sort repugnant to the conscience of mankind." (internal quotation marks and parenthesis omitted).

*Hudson*, 503 U.S. at 9-10.

While the conduct about which Plaintiff complains may be described as unprofessional, there is nothing before the court which shows it rose above a level of mere *de minimis* use of physical force or that the force used was "of a sort repugnant to the conscience of mankind." Minor amounts of force, even if applied unnecessarily, do not rise to the level of a constitutional claim. *See Johnson v. Moody*, 206 F. App'x 880, 885 (11th Cir. 2006). Taking all of Plaintiff's allegations as true, he still has only established a *de minimis* use of force which does not offend the Eighth Amendment.

In light of the foregoing, Plaintiff's Eighth Amendment claim against Defendant Taggart is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **June 22, 2015**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 8th day of June, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE